**CHARLES V. ALA'ILIMA and JAMES McGUIRE, Appellants**

v.

**ZONING BOARD, Appellee**
**and**
**OTTOVILLE DEVELOPMENT CORP., Appellee/Intervenor**

High Court of American Samoa
Appellate Division

AP No. 4-91

March 8, 1994

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, WARD,[*] Acting Associate Justice, TAUANU'U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellant James McGuire, Reginald E. Gates
 For Appellee, Douglas J. Juergens, Assistant Attorney General
 For Appellee/Intervenor, Roy J.D. Hall, Jr.

Order on Motions to Dismiss or in the Alternative to Dissolve Stay:

## DISCUSSION

### I. Procedural History

On May 3, 1991, appellants James McGuire and Charles Ala'ilima and appellee Zoning Board stipulated to a stay of the zoning variance granted to the Ottoville Development Corporation (hereinafter ODC) on February 14, 1991. This court granted ODC's motion to intervene on December 6, 1993, and the order was filed on January 26, 1994. Appellant Ala'ilima entered into a stipulation to dismiss as to himself with appellee Zoning Board and appellee/intervenor ODC on February 2, 1994.

Appellee/intervenor ODC then filed its "Motion to Dismiss or in the Alternative to Post a Bond" on February 7, 1994. Along with its motion to dismiss, ODC also requested that this court dissolve the stay of the variance. Appellant McGuire filed his memorandum in opposition on March 2, 1994. Appellee Zoning Board filed its response and "Motion for Summary Judgment and Support Memorandum" on the morning of March 3, 1994, just before a hearing on the parties' motions.

### II. Motion to Dissolve Stay

---

[*] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

■ Appellee/intervenor ODC's motion to dissolve the stay of the zoning variance is granted. At the time appellant McGuire and appellee Zoning Board stipulated to the stay, ODC was not a party to this lawsuit. However, this court later granted ODC's request to intervene because ODC had sought and obtained the zoning variance for its project. By dissolving the stay, which was stipulated to without ODC's consent, this court is merely returning the parties to the *status quo ante*. Of course, any of the parties remains free to seek another stay of the variance.

■ Furthermore, due to the stipulation, this court never made a factual evaluation in determining whether and on what conditions to grant a stay of the variance. *See* A.C.R. 18; *see also* A.S.C.A. § 4.1041(b) ("the court may order[] a stay on appropriate terms"). Dissolving the stay permits this court to properly evaluate any future requests for a stay.

### III. Motion to Dismiss

On the other hand, a number of issues deserving the court's attention have been raised in the parties' memoranda. For this reason, dismissal of this action is inappropriate. In light of the existing factual disputes, appellee Zoning Board's motion for summary judgment is also inappropriate.

### IV. Absence of the Agency's Record

■ Appeals of the Zoning Board's decisions proceed "in like manner" to appeals under the Administrative Procedure Act. A.S.C.A. § 26.0341 (citing A.S.C.A. §§ 4.1040-4.1044). Within 30 days from the service of the petition for appellate review, an agency is to send the court the record of the agency's proceedings in the matter under review. A.S.C.A. § 4.1042; A.C.R. 17(a). Indeed, appellate review is confined to the agency's record, though the court may receive evidence to supplement the record. A.S.C.A. § 4.1043(a); *see* A.C.R. 16(a). Thus, the statute presupposes that a record has been filed with the court. However, no record of the hearing on the request for the variance has been received by this court. Before the Zoning Board's actions in this matter can be reviewed, it must transmit the record of the proceedings to the court.

### CONCLUSION

Therefore, appellee/intervenor ODC's motion to dissolve the stay of the zoning variance is granted, though its motion to dismiss is denied.

148

Likewise, appellee Zoning Board's motion for summary judgment is denied.

This matter concerning the zoning variance has languished without much activity by the parties. With an eye toward moving this process along, this court sets a hearing on the appeal for April 29, 1994.

It is so ordered.